*The* PRESIDENT &c. *of the* KENNEBEC BANK *vs.* TUCKERMAN.

Where the payee of a note, after having been requested by the surety to collect the money of the principal, gave further time to the principal, in pursuance of a new agreement with him to that effect, it was held that the surety was discharged.

*Assumpsit* by the plaintiffs as payees of a promissory note, against the defendant as maker. The note was dated *Oct.* 27, 1817, in the usual form of a joint and several note, payable in fifty-seven days with grace, signed by *Benjamin Adams,* with the names of two persons underneath, as sureties, payable to the plaintiffs, and discounted at their bank. Before it was offered for discount the defendant wrote his name across the back of it.

At the trial before *Weston J.* the defendant contended that the note did not support the declaration. But this objection was overruled. The jury, being requested to determine certain facts, found that the defendant requested the plaintiffs to collect the note of the principal; that afterwards the plaintiffs did verbally agree with the principal to allow him further time ; that the interest was paid in advance by the principal debtor, every sixty days, up to *July* 1825 ; the last payment having been in *May* of that year ; and that the plaintiffs, if they had used all the means in their power, after the request made to them by the defendant, might have collected of the principal debtor more money than they did, by the sum of $226,83.

The judge-directed the jury to return a verdict for the plaintiffs, upon this evidence, reserving its legal effect for the consideration of the court ; the parties consenting that the verdict might be amended accordingly, or set aside, and a nonsuit entered.

*Sprague,* for the defendant, contended that his undertaking was

Kennebec Bank v. Tuckerman.

evidently not of the nature of an original promise; for if so, his name would have been placed with those of the other sureties. Having placed it on the back of the note, the necessary inference is that he stipulated only in the character of indorser. *Herrick v. Carman* 12. *Johns.* 159. *Nelson v. Dubois* 13. *Johns.* 175. *Campbell v. Butler* 14. *Johns.* 439. *Tillman v. Wheeler* 17. *Johns.* 326. The cases where the party has been holden as an original promissor, have turned on his apparent agreement to be responsible at all events. *Joslyn v. Ames* 3. *Mass.* 274. *Carver v. Warren* 5. *Mass.* 546. *White v. Howland* 9. *Mass.* 314. *Moies v. Bird* 11. *Mass.* 426.

But whatever may have been the form of his original liability, the defendant is now absolved; both by the neglect of the plaintiffs to enforce their remedy against the principal, and by their having given him new and further credit. *Ludlow v. Simond* 2. *Caines' Ca.* 1. 7. *Johns.* 332. *Boynton v. Hubbard* 7. *Mass.* 118. *Rathbone v. Warren* 10. *Johns.* 587. *Reeves v. Barrington* 2. *Ves.* 540. *Duval v. Trask* 12. *Mass.* 156. *Aylett v. Hartford* 2. *W. Bl.* 1317. *Paine v. Packard* 13. *Johns.* 174. *King v. Baldwin* 17 *Johns.* 384.

*E. T. Warren*, for the plaintiffs, replied that the case showed nothing more, on their part, than merely delay in the collection of the note. And this was for the benefit of the sureties. No indulgence to the principal can discharge sureties or indorsers, unless it is such as to affect the contract itself, and impair their remedy over. *White v. Howland* 9. *Mass.* 314. *Hunt v. Bridgham* 2. *Pick.* 581. *Crane v. Newhall ib.* 612. 3. *Stark. Ev.* 1389. *note.* But here could have been no agreement, because a corporation cannot contract by parol.

MELLEN C. J. delivered the opinion of the Court, at the ensuing *November* term, in Cumberland.

The defendant having signed his name in blank, on the back of the note in question, has made himself answerable in the same manner as though he had signed it in the usual form, as the other promissors did. All the four persons are to be considered as having promis-

Kennebec Bank v. Tuckerman.

ed jointly and severally. The only question is, whether the defendant, who, it is admitted, was only a surety, with others, for *Benjamin Adams* the principal, has been discharged from his original liability, by reason of the transactions which took place between the bank and the principal. This original liability of the defendant as a copromissor, seems established by the cases of *Carver v. Warren*, 5. *Mass.* 545. *White v. Howland*, 9. *Mass.* 314, and *Moies v. Bird*, 11. *Mass.* 436.

As to the main question, the facts are few and simple. The note continued to lie in the bank, from the time it was discounted, until *May*, 1825—nearly eight years—not renewed in form ; but the plaintiffs agreed with the principal, to allow him further time, and the principal, every sixty days, paid the interest on the note in advance, during the above period. This course of proceeding was pursued, probably, for convenience ; and as between the bank and the principal, at least, was equivalent to a renewal of the note every sixty days ; and the receipt of interest, in advance, for sixty days, was an agreement to give credit for that term. The transaction can admit of no other construction, consistently with honesty and fairness ; and it could not have been considered in any other manner, by the parties immediately concerned. It has been said that parol agreements cannot be made by a corporation ; but they may be, and usually are by bank directors, in relation to subjects of this nature ; we, therefore, do not deem this a valid objection. By the report it does not appear that this long delay and course of proceeding, were even known to the defendant ; it is stated to have taken place after he had requested the plaintiffs to collect the note of the principal. It remains for us only to apply the law to these facts. A mere delay to sue the principal, and collect the money of him, does not discharge the surety ; as is admitted by the defendant's counsel, and is established by *Locke v. The United States*, 3. *Mason*, 446 ; and by numerous other decisions, which are collected in the case of *Hunt, executor, v. Bridgham, & als.* 2. *Pick.* 581 ; provided such delay be unaccompanied by fraud, or an agreement not to prosecute the principal. But in the same case, and those therein cited, it is also settled that such an agreement does discharge the surety ;

and in *Pain v. Packard*, 13. *Johns.* 174, and *King v. Baldwin*, 17. *Johns.* 384, in each of which there was a request by the surety to proceed against the principal, and a prolongation of credit to him, though there was no contract for delay; it was decided that the surety was discharged. In the case at bar, all three of the circumstances which have been considered as tending to the discharge of a surety are found to exist; there was long delay and repeated credit given to the principal; there was a request by the surety to collect the note of him; and there was an agreement on the part of the plaintiff, to give further time; pursuant to which, all proceedings against the principal have been delayed. On these facts, the action cannot be maintained. *Verdict set aside and nonsuit entered.*